# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRY WILLIAMS, et al. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 13-1013 |
| | ) | |
| | ) | |
| NABORS DRILLING USA, LP, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

**CONTI, Chief District Judge**

    This is a collective and purported class action in which a group of current and former employees (collectively, the "Employees") accuse Nabors Drilling USA, LP and Nabors Corporate Services (collectively, "Nabors") of violating the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219, the Pennsylvania Minimum Wage Act of 1968 ("MWA"), 43 P.S. §§ 333.101-333.115, the Pennsylvania Wage Payment and Collection Law ("WPCL"), 43 P.S. §§ 260.1-260.45, and Pennsylvania common law. (ECF No. 3 at 1-2.) Nabors filed a motion to compel arbitration and to stay, with accompanying brief and reply brief, (ECF Nos. 34, 35, and 52), and a related motion to suspend initial case management deadlines pending the court's disposition of the motion to compel arbitration, (ECF No. 36.) The Employees filed responses in opposition to both motions in which they contend that this court must adjudicate the case despite the arbitration agreements, which they assert are procedurally and substantively unconscionable. (ECF Nos. 43 and 44.) The parties were notified via text docket entry that the court would hear oral argument on the pending motions at the conference scheduled for February

18, 2014. For the reasons set forth below, the motion to compel arbitration and stay will be granted. Nabors' motion to suspend deadlines will be denied as moot.

## I. FACTUAL BACKGROUND

### A. Substantive Allegations

Although the merits of this dispute are not significant to the motions before the court, the court briefly summarizes the allegations of the complaint for purposes of providing context. The Employees are current and former non-exempt, hourly employees of Nabors who allege that they were not paid for time spent attending safety meetings and donning and doffing safety equipment, and were denied overtime pay due to Nabors' manipulation of the beginning and ending days of their workweek. (ECF No. 3 ¶¶ 32-40.) The Employees contend that they were required to perform "off the clock" work and "to remain 'on call,' skip meals and breaks" without compensation. (Id. ¶¶ 35, 38.)

The Employees assert an FLSA collective action on behalf of all similarly-situated Nabors employees based on these factual allegations. (Id. ¶¶ 46-52, Count I.) The Employees also aver violations of Pennsylvania statutory law, specifically the MWA, the WPCL, and assert a common law unjust enrichment claim, "on behalf of all non-exempt hourly-paid employees of [Nabors] who worked for [Nabors] in Pennsylvania and who have not been paid their earned wages and overtime compensation in accordance with the MWA, WPCL, and Pennsylvania common law (the "Pennsylvania Class")." (Id. ¶ 53, Counts II-IV.)

### B. The Arbitration Agreement

Nabors contends that the Employees cannot pursue their claims in this court because they agreed to arbitrate any disputes involving their employment relationship. (ECF No. 34.) The operative arbitration agreements are: (1) "Nabors Dispute Resolution Program and

Rules," effective April 15, 2001 (the "DRP" or the "Rules"), (ECF No. 35-1 at 13-29); and (2) a January 17, 2007 amendment thereto (the "Amendment") (collectively the "Arbitration Agreement").[1] (Id. at 32-33.) The purpose of the Amendment was to prohibit the pursuit of arbitration on a joint, consolidated, or representative (i.e., class) basis. (ECF No. 35-1 at 32-33.)

The Arbitration Agreement provides that "all legal and equitable claims, demands, and controversies" will be "finally and conclusively" resolved pursuant to the DRP and the Rules. (ECF No. 35-1 at 14-15 (DRP ¶ 2E) and 17 (DRP ¶ 4).) Either Nabors or an Employee can initiate the arbitration process by sending a "written request to initiate proceedings" at any time, subject to applicable statutes of limitations. (Id. at 20 (Rules ¶ 3).) The Arbitration Agreement includes provisions regarding the applicable law (Id. at 17-18 (DRP ¶ 8)), the scope of the arbitrator's authority (Id. at 27 (Rules ¶ 30)), and fees and expenses (Id. at 28 (Rules ¶ 32)), each of which is relevant to the court's disposition of the motion to compel arbitration.

Before proceeding with a substantive analysis of the motion to compel, the court must address Nabors' attachment of several declarations, with voluminous supporting documentation, to its opening brief in support of the motion to compel arbitration. According to Nabors, this evidence establishes that each Employee received notice of and signed

---

[1] Neither party objected in its written submissions to the court's consideration of the contents of the Arbitration Agreement in deciding Nabors' motion to compel arbitration, even though it was not attached to the Employees' complaint. The court can consider the Arbitration Agreement, without the need to further expand the evidentiary record or apply a summary judgment standard, because it is integral to the complaint. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013); Pension Ben. Guar. Corp. v. White Consol. Industries, Inc., 998 F.2d 1192, 1196 (3d Cir. 1993); see, Dunn v. Castro, 621 F.3d 1196, 1205 n.6 (9th Cir. 2010); Knievel v. ESPN, 393 F.3d 1068, 1076 (9th Cir. 2005); see also Reynolds v. de Silva, No. 09-9218, 2010 WL 743510, at *1 n. 2 (S.D.N.Y. Feb. 24, 2010) (although arbitration agreement not attached to complaint, copy was attached as an exhibit to motion to compel arbitration, and could be properly considered). At oral argument both parties conceded that the court could consider the Arbitration Agreement in ruling on the pending motion to compel arbitration.

acknowledgements of the DRP, the Rules, and the Amendment. A court's consideration of that evidence would ordinarily require application of a summary judgment-type standard of review to the motion to compel arbitration, and could justify limited discovery to further develop the factual record. Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013). The court, however, need not, and did not, consider this evidence because it is immaterial.

The Employees do not contend that they never received notice of the Arbitration Agreement, or that they did not agree to its terms. Instead, the Employees assert that the Arbitration Agreement is unenforceable because it is procedurally and substantively unconscionable. The evidence submitted by Nabors might be relevant to this court's assessment of the procedural unconscionability of the Arbitration Agreement. As discussed below, however, the court need not reach that issue in order to decide the instant motion to compel arbitration because there is no basis on which to find that the Agreement is substantively unconscionable.

## II. STANDARD OF REVIEW

The Federal Arbitration Act, 9 U.S.C. §§ 1-16 ("FAA"), provides that arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA establishes a strong policy in favor of arbitration. Puleo v. Chase Bank USA, N.A., 605 F.3d 172, 178 (3d Cir. 2010). Any "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement." 9 U.S.C. § 4. A party to a valid and enforceable arbitration agreement is entitled to a stay of federal court proceedings pending arbitration. 9 U.S.C. § 3.

4

The Court of Appeals for the Third Circuit recently clarified the legal standard of review that district courts should apply when faced with a motion to compel arbitration. Guidotti, 716 F.3d at 776. The United States District Court for the Eastern District of Pennsylvania recently and succinctly summarized the test set forth by the court of appeals in Guidotti:

> When it is apparent based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay." Guidotti v. Legal Helpers Debt Resolution, L.L.C., 716 F.3d 764, 776 (3d Cir. 2013). However, if the complaint and its supporting documents are unclear about the agreement to arbitrate, or if the party seeking to avoid arbitration has put forth additional facts sufficient to place the agreement to arbitrate in issue, "the motion to compel arbitration must be denied pending further development of the factual record." Id. at 775. Following this limited discovery on the question of arbitrability, the court may entertain a renewed motion to compel arbitration. Id. This renewed motion to compel must be reviewed using a summary judgment standard. Id. Under this standard, "a court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a).

Porreca v. The Rose Group, No. 13-1674, 2013 WL 6498392, at *6 (E.D. Pa. Dec. 11, 2013).

Where a party challenges the validity of an arbitration agreement on the ground that it is unconscionable, a threshold question of arbitrability is presented, which must be decided by the court, before arbitration can be compelled. Quilloin v. Tenet HealthSystem Phila., Inc., 673 F.3d 221, 228-29 (3d Cir. 2012) (citing decisions); Nino v. Jewelry Exchange, Inc., 609 F.3d 191, 200 (3d Cir. 2010). Federal courts are to apply state contract law, to the extent that it does

5

not conflict with the FAA, to determine whether an arbitration agreement is unconscionable.[2] Quilloin, 673 F.3d at 230 (citing AT&T Mobility LLC v. Concepcion, 131 S.Ct. 1740, 1746-47, 1753 (2011)). To prove unconscionability under Pennsylvania law, the party challenging the provision bears the burden of proving that the contract was both procedurally and substantively unconscionable. Id.; see also Harris v. Green Tree Fin. Corp., 183 F.3d 173, 181 (3d Cir. 1999).

### III. DISCUSSION

The Employees contend that the Arbitration Agreement is unenforceable because it is both procedurally and substantively unconscionable. Because the court finds, based on the complaint and documents integral to the complaint, that the Arbitration Agreement is not substantively unconscionable, Nabors' motion to compel arbitration and to stay this case will be granted. Under the circumstances, the court need not determine whether the Arbitration Agreement is procedurally unconscionable.

#### A. Substantive Unconscionability

An arbitration agreement is substantively unconscionable where it is "unreasonably or grossly favorable to one side." Harris, 183 F.3d at 181. An arbitration agreement cannot be substantively unconscionable if it "does not alter or limit the rights and remedies available to [a] party in the arbitral forum...." Edwards v. HOVENSA, LLC, 497 F.3d 355, 364 (3d Cir. 2007).

---

[2] The Employees state, without discussion, that this court should apply Pennsylvania law. (ECF No. 43 at 4.) Nabors expresses doubt that any "one state law" governs the formation of each contract, given that half the Employees were first employed at locations outside Pennsylvania and only one Employee is a resident of Pennsylvania. (ECF No. 35 at 10 n.4.) However, because all potentially applicable state laws produce the same result, Nabors does not object to applying Pennsylvania law. (Id.; ECF No. 52 at 2-3 n.1.)

The Employees contend that the Arbitration Agreement is substantively unconscionable because it usurps rights guaranteed to them by federal statute and increases their risks as compared to litigating their claims in a court of law. The court will address each argument in turn, but concludes that none carry the Employees' burden of proving that the Arbitration Agreement is substantively unconscionable.

1. **Denial of Federal Statutory Rights**

The Employees assert that the Arbitration Agreement is substantively unconscionable because it denies them three rights guaranteed by the FLSA: (1) attorneys' fees and costs upon prevailing; (2) liquidated damages upon prevailing; and (3) collective action status. (ECF No. 43 at 9-10.) The Employees are correct that the FLSA provides for each of these rights and remedies, but are incorrect that the Arbitration Agreement abridges them.

The FLSA states, in pertinent part:

> Any employer who violates the provisions of section 206 or section 207 of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and *in an additional equal amount as liquidated damages*.... An action to recover the liability prescribed in either of the preceding sentences may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction *by any one or more employees for and in behalf of himself or themselves and other employees similarly situated*.... The court in such action **shall**, in addition to any judgment awarded to the plaintiff or plaintiffs, *allow a reasonable attorney's fee to be paid by the defendant, and costs of the action*.

29 U.S.C. § 216(b) (emphasis added). The highlighted language of the FLSA indeed grants employees the right to collect attorneys' fees and costs and liquidated damages, and to proceed on a collective basis.

### (a) **Attorneys' Fees**

The Arbitration Agreement does not prevent an arbitrator from awarding attorneys' fees to a prevailing employee; rather it explicitly preserves the Employees' right to collect them. The Rules explicitly state that "[t]he arbitrator shall not have the authority either to abridge or enlarge substantive rights available under applicable law." (ECF No. 35-1 at 27 (Rules ¶ 30).) The DRP section entitled "applicable law" states that "the substantive legal rights, remedies, and defenses of all Parties are preserved. In the case of arbitration, the arbitrator shall have the authority to determine the applicable law and to order any and all relief, legal or equitable, which a Party could obtain from a court of competent jurisdiction…." (Id. at 18 (DRP ¶ 8C).) The Rules clarify that point by stating that "[a]ll attorneys' fees shall be borne by the Party incurring them except as otherwise provided by law…." (Id. at 28 (Rules ¶ 32B).) These provisions establish that where an employee is entitled to an award of attorneys' fees pursuant to federal law, he will be entitled to an award of attorneys' fees in the arbitration.

The only paragraph the Employees cite in support of their assertion that the Arbitration Agreement denies them their statutory right to recover attorneys' fees is paragraph 8E of the DRP. (ECF No. 43 at 11.) That provision, however, actually confirms that an Employee's statutory right to an award of attorneys' fees is preserved by the Arbitration Agreement. The paragraph gives the arbitrator the discretion to award attorneys' fees "in addition to any discretion, right or power which the arbitrator may have under applicable law" and states that the paragraph only applies in those instances where the arbitrator awards attorneys' fees "without authorization for such an award by statute." (ECF No. 35-1 at 18 (DRP ¶ 8E).) In other words, paragraph 8E gives an arbitrator the power to award attorneys' fees (up to $2,500), even when the substantive law does not so provide. (ECF No. 52 at 4-5.) Here, the

8

applicable law - the FLSA - permits a litigant to collect attorneys' fees, making paragraphs 30 and 32B of the Rules and paragraph 8C of the DRP applicable. As discussed above, these provisions preserve all rights provided for by the substantive law.

The Arbitration Agreement clearly and unequivocally preserves the Employees' right under the FLSA to collect attorneys' fees upon prevailing. The Arbitration Agreement cannot be deemed substantively unconscionable on this purported ground.

**(b)** <u>**Costs**</u>

The same legal analysis applies to the collection of costs. As set forth above, paragraph 8C of the DRP and paragraph 30 of the Rules explicitly state that the substantive legal rights, including available remedies, of all parties are preserved. (ECF No. 35-1 at 27 (Rules ¶ 30) and 18 (DRP ¶ 8C).) Paragraph 32A of the Rules allows witness costs to be shifted if "provided by law." (<u>Id.</u> at 28 (Rules ¶ 32A).) The paragraphs concerning discovery costs and expert witness expenses do not include this qualification. (<u>Id.</u> at 28 (Rules ¶¶ 32C and D).) The Arbitration Agreement, however, contains no explicit prohibition against shifting discovery and expert costs if otherwise provided for by substantive law; it is simply silent on the issue. This silence could be considered to create a potential inconsistency in the Arbitration Agreement.

Binding authority from the Court of Appeals for the Third Circuit and the United States Supreme Court directs, however, that this kind of tension does not render an arbitration agreement unenforceable. Instead, when such ambiguities arise, arbitration is to be compelled, and the ambiguity resolved by the arbitrator. <u>Quilloin</u>, 673 F.3d at 231-32 (citing <u>PacifiCare Health Systems, Inc. v. Book</u>, 538 U.S. 401, 406-07 (2003)). The potential ambiguity in the Arbitration Agreement is virtually indistinguishable from the ambiguity considered in <u>Quilloin</u>. In <u>Quilloin</u>, the arbitration agreements included provisions explicitly preserving all remedies

9

under the applicable substantive law, but also stating that expenses such as attorneys' fees and witness costs were to be paid by the party incurring them. Quilloin, 673 F.3d at 231. Relying on Supreme Court precedent that "clearly establishe[s] that ambiguities in arbitration agreements must be interpreted by the arbitrator," the court of appeals found "that the district court erred in determining that it would not compel arbitration before resolving the issue." Quilloin, 673 F.3d at 231-32 (citing PacifiCare, 538 U.S. at 406-07). The court of appeals compelled arbitration stating that "we are required to find that the ambiguity…is a question for the arbitrator." Quilloin, 673 F.3d at 232. Here too, the arbitrator must determine whether costs can be shifted to the Employees, as directed by the FLSA, if they prevail.

The Arbitration Agreement is not substantively unconscionable because its terms preserve all rights guaranteed to the Employees under substantive law, which under the FLSA, include an award of "costs of the action." Should there be some ambiguity between the rights guaranteed by the FLSA and the language used in the Arbitration Agreement regarding the shifting of certain costs, that ambiguity must be resolved by the arbitrator. Quilloin, 673 F.3d at 232.

### (c) Liquidated Damages

The Employees contend that the Arbitration Agreement is substantively unconscionable because it "usurps…[their]…statutory right…[to] guaranteed liquidated damages if they prevail." (ECF No. 43 at 3.) The entirety of the Employees' evidence and argument in support of this contention is their statement that "the Program does not provide that the arbitrator must, or even may, award liquidated damages to an employee who prevails on a claim under the FLSA," with a citation to paragraphs 32A and 32D of the Rules. (Id. at 12.) As previously

10

noted, those paragraphs concern witness and expert expenses.  They do not address whether an arbitrator has the power or authority to award liquidated damages.

Other paragraphs of the Arbitration Agreement, however, do.  Paragraphs 8C of the DRP and 30 of the Rules explicitly preserve the parties' substantive legal rights, including those concerning remedies. (ECF No. 35-1 at 18 (DRP ¶ 8C) and 27 (Rules ¶ 30).)  The FLSA lists the recovery of liquidated damages along-side unpaid minimum wages and overtime compensation. 29 U.S.C. § 216(b).  Just as the Arbitration Agreement guarantees that the Employees are entitled to recover unpaid wages and overtime, it guarantees that they are entitled to liquidated damages.  Neither the Arbitration Agreement nor the FLSA make any distinction between these categories of damages. See Porreca, 2013 WL 6498392, at *12 (interpreting analogous language).

The Employees' allegation that the Arbitration Agreement abridges their right to recover liquidated damages is unsupported.  It is clear from the face of the Arbitration Agreement that the Employees are entitled to liquidated damages if they prevail on an FLSA claim in arbitration.  It follows that the court cannot conclude that the Arbitration Agreement is substantively unconscionable on the ground that liquidated damages are not available in arbitration.

### (d) Class/Collective Action Waiver

The Employees' final contention with respect to substantive unconscionability based on a purported denial of federal rights is that the Amendment's requirement that all disputes be arbitrated on an individual basis violates the FLSA.[3] (ECF No. 43 at 12.) The Employees concede, as they must, that the Court of Appeals for the Third Circuit recently held that Pennsylvania law, to the extent it deemed class action waivers of FLSA claims to be substantively unconscionable if class litigation was the only economically feasible remedy, is preempted by the FAA pursuant to the Supreme Court's decision in Concepcion. Quilloin, 673 F.3d at 232-33 (explaining that the Supreme Court, in Concepcion, held that a California law deeming class action waivers to be unconscionable was preempted by the FAA). In upholding the collective/class action waiver in Quilloin, the court of appeals found its 2011 ruling in Litman v. Cellco Partnership, 655 F.3d 225, 229 (3d Cir. 2011), which invalidated a New Jersey law that prohibited all class-action waivers in arbitration, to be "directly applicable:"

> We understand the holding of Concepcion to be both broad and clear: a state law that seeks to impose class arbitration despite a contractual agreement for individualized arbitration is inconsistent with, and therefore preempted by, the FAA, irrespective of whether class arbitration is desirable for unrelated reasons.

Quilloin, 673 F.3d at 233 (quoting Litman, 655 F.3d at 231).

The Employees recognized this controlling authority in their written submissions, and argued not that the class/collective action waiver itself makes the Arbitration Agreement unconscionable, but that the waiver can be "combined with multiple other pieces of evidence"

---

[3] Although the Employees do not dispute that the Amendment applies to them, even if they did, and for whatever reason the Amendment was deemed unenforceable, the DRP and Rules would nevertheless apply. Those documents are silent on this issue. In Pennsylvania, silence generally indicates a prohibition against class arbitration, although the ultimate determination would be a question for the arbitrator, not the court. Quilloin, 673 F.3d at 232.

and considered in the totality of circumstances to arrive at the conclusion that the Arbitration Agreement is substantively unconscionable. At oral argument, the Employees emphasized that the court of appeals' and the Supreme Court's decisions upholding waiver of class and collective action rights should not be followed because they conflict with Congress' intent to protect individual employees under laws such as the FLSA, and related public policy.

The United States District Court for the Eastern District of Pennsylvania very recently rejected these exact arguments. Porreca, 2013 WL 6498392, at *13-16. Although "lamet[ing]" the "current state of legal affairs" and characterizing the use of waivers as "unfortunate, and in many situations, unjust," the district court concluded that Concepcion, Quilloin, and other Supreme Court precedent, "viewed collectively… point this court to one conclusion: the collective action waivers of the FLSA are not substantively unconscionable here." Porreca, 2013 WL 6498392, at *15. The district court found that it was "not at liberty to ignore the decisions of the United States Supreme Court and the Third Circuit Court of Appeals" and invalidate the class and collective action waivers on policy grounds. Id. at *16.

This court found that the Arbitration Agreement is not otherwise substantively unconscionable. The Employees' argument that the class/collective action waiver could be combined with the other substantively unconscionable features of the Arbitration Agreement is futile under the circumstances. The Employees' argument that controlling precedent upholding such waivers violates Congress' intent, and public policy, is likewise without consequence. As the district court expressed in Porreca, this court is not at liberty to ignore clearly established and directly applicable precedent on those grounds. Quilloin, 673 F.3d at 232-33; see Porreca, 2013 WL 6498392, at *16. It must follow that the Arbitration Agreement is not substantively

unconscionable because it includes a waiver of the Employees' right to proceed jointly, or on a consolidated or representative basis.

   2. **Risk Shifting**

The Employees assert that the Arbitration Agreement is substantively unconscionable because it makes the risks of arbitration greater than if they proceeded in court, while conversely decreasing the risks for Nabors. (ECF No. 43 at 14.) This argument, upon closer examination, is entirely derivative of the Employees' prior arguments with respect to substantive unconscionability. The Employees do not cite to any particular provision or term of the Arbitration Agreement that unfairly shifts risks to them. Instead, the Employees contend that the "risk of not being awarded attorneys' fees and costs combined with the class action waiver, make it effectively impossible" to assert their rights under the FLSA, MWA, and WPCL because the potential recovery is too small to justify the expense of arbitration. (Id. at 14.)

The court, however, concluded that attorneys' fees, costs, and liquidated damages are available to the Employees under the Arbitration Agreement. The court also concluded that binding precedent from the Supreme Court and Court of Appeals for the Third Circuit directs that a class or collective action waiver is enforceable and valid, even if pursuit of individual claims is not cost effective. There is no basis on which this court could sustain the Employees' objection to the Arbitration Agreement on the ground that it unfairly shifts risks to them.

The court independently reviewed the Arbitration Agreement and found that its provisions concerning issues such as the timing of initiating proceedings, (ECF No. 35-1 at 20 (Rules ¶ 3)), selection of the arbitrator, (ECF No. 35-1 at 21 (Rules ¶ 5)), the location of hearings, (ECF No. 35-1 at 22 (Rules ¶ 8C)), and the splitting of expenses, (ECF No. 35-1 at 28 (Rules ¶ 32E and G)), are either neutral or more favorable to employees. As a whole, the court

could identify no systematic, unfair advantage given to Nabors pursuant to the Arbitration Agreement.

There is no basis for this court to find that the Arbitration Agreement is substantively unconscionable because it unfairly increases the risks of arbitrating for the Employees, and decreases them for Nabors.

### B. <u>Procedural Unconscionability</u>

The Employees argue that the Arbitration Agreement is procedurally unconscionable because: (1) it is a standardized, form document that was provided on a take-it-or-leave-it basis; (2) the Employees had less bargaining power than Nabors; and (3) the Employees had narrow options for employment at the time. (ECF No. 43 at 5-9.) At the outset, the court notes that several of the Employees' contentions denote the need to consider the evidence attached by Nabors to its brief and to apply a summary judgment standard to Nabors' motion to compel arbitration. Because the court found, however, that the Employees failed to establish that the Arbitration Agreement is substantively unconscionable, the question of procedural unconscionability need not be decided.

Even under the "sliding-scale approach" that the Pennsylvania Supreme Court suggested might apply where a party's showing on one kind of unconscionability is significantly less than on the other kind of unconscionability, there still must be some threshold showing on both kinds of unconscionability. <u>Porreca</u>, 2013 WL 6498392, at *16 (citing <u>Quilloin</u>, 673 F.3d at 230). Here, because the Employees failed to show substantive unconscionability, procedural unconscionability is irrelevant. The Arbitration Agreement must be enforced. <u>Id.</u>

A contract is procedurally unconscionable where "there was a lack of meaningful choice in the acceptance of the challenged provision." Quilloin, 673 F.3d at 235 (quoting Salley v. Option One Mortgage Corp., 592 Pa. 323, 925 A.2d 115, 119 (2007)). Although contracts of adhesion are often deemed to be procedurally unconscionable, more than a disparity in bargaining power is needed to show that an arbitration agreement was not willingly entered into by the parties. Id. Courts consider factors such as the take-it-or-leave-it nature of the arbitration agreement, the bargaining power of the contracting parties, and the degree of economic compulsion on the party signing the agreement. Id. at 235-36. Within these three factors, courts examine the size of the company demanding the arbitration agreement, the timing of the disclosure that an arbitration agreement must be signed, the education level of the party asked to sign the agreement, whether steps have been taken to commit to the contractual relationship before being informed about the arbitration agreement, and the availability of alternative contractual relationships. Quilloin, 673 F.3d at 235-37; Nino, 609 F.3d at 201-02 (applying analogous Virgin Islands law); Lucey v. FedEx Ground Package Systems, Inc., 305 F.App'x 875, 877-78 (3d Cir. 2009); Porreca, 2013 WL 6498392, at *7-10; Hopkins v. New Day Fin., 643 F.Supp.2d 704, 717-18 (E.D. Pa. 2009).

The court would be unable to assess all the relevant factors without considering significant evidence outside the Employees' complaint and the operative Arbitration Agreement. Much of this evidence is attached to Nabors' motion to compel arbitration, and appears to support the conclusion that the Arbitration Agreement was not entered into under circumstances that evince procedural unconscionability. The court may have needed to permit limited discovery to develop the factual record in this regard, and to consider the entire record under the summary judgment standard set forth in Guidotti in order to ultimately decide the issue. The

16

court need not engage in that exercise, however, because with no evidence of substantive unconscionability, the Arbitration Agreement would be enforceable even if it were procedurally unconscionable. Put another way, even if the court were to presume, for purposes of deciding this motion, that the Arbitration Agreement is procedurally unconscionable, the court would nevertheless grant Nabors' motion to compel arbitration because the Arbitration Agreement is not substantively unconscionable.

## IV. CONCLUSION

For the foregoing reasons, Nabors' motion to compel arbitration (ECF No. 34) must be granted. This case will be stayed, and administratively closed, pending resolution of arbitration. 9 U.S.C. § 3; Lloyd v. Hovensa, 369 F.3d 263, 270-71 (3d Cir. 2004). Nabors' motion to suspend this court's case management deadlines pending resolution of the motion to compel arbitration (ECF No. 36) is denied as moot.

Dated: February 25, 2014

/s/ Joy Flowers Conti
Joy Flowers Conti
Chief U.S. District Judge